UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
DEBORAH KEARNEY,                            )
         Plaintiff,                         )
v.                                          )    Civil Action No. 17-30073
                                            )
REXAM PENSION PLAN;                         )
REXAM RETIREMENT SAVINGS PLAN;              )
MARLENE COATES and                          )
THE VANGUARD GROUP, INC., as constructive   )
Trustee,                                    )
         Defendants.                        )
_____ )

# COMPLAINT

### PARTIES

1. Plaintiff, Deborah Kearney, is a resident of Ashfield, Massachusetts.

2. Defendants, Rexam Pension Plan and Rexam Retirement Savings Plan are employee benefit plans sponsored by Rexam, Inc. n/k/a Ball Inc. and administered by the Plan Administrator, the Rexam Pension and Benefits Committee n/k/a the Ball Corporation Employee Benefits Administration Committee (collectively referred to herein as the "Rexam Plans" or "Rexam").  Francis Kearney, the deceased husband of Deborah Kearney, was a vested participant in the Rexam Plans, which were offered to him and other employees of Rexam, Inc. in Massachusetts.  The Rexam Plans are governed by the Employee Retirement Income Security Act of 1974, as amended, 28 U.S.C. §§ 1001, et seq. ("ERISA").

3. Defendant, Marlene Coates, is a resident of Greenfield, Massachusetts.

4. Defendant, The Vanguard Group, Inc. ("Vanguard"), is incorporated in Pennsylvania and has a principal place of business in Malvern, Pennsylvania.  Vanguard is a foreign

corporation registered to do business in Massachusetts and engages in business in Massachusetts.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over Deborah Kearney's ("Mrs. Kearney") ERISA claims under 29 U.S.C. § 1132 and supplemental jurisdiction over all other claims under 28 U.S.C. § 1367.

6. Venue is proper before this Court because all parties either reside or conduct regular business in Massachusetts.

## FACTS

7. Francis Kearney ("Mr. Kearney") was an employee of Rexam, Inc. in Massachusetts until his employment terminated effective November 29, 2001.

8. Mr. Kearney was a vested participant in the Rexam Pension Plan and the Rexam Retirement Savings Plan.

9. In 2007, Mr. Kearney rolled over $252,574.00 from an account held by The Northern Trust Company and $231,096.00 from an account held by Vanguard.  Upon information and belief, the $252,475.00 rollover from The Northern Trust Company represented Mr. Kearney's account balance from the Rexam Pension Plan ("Pension Funds") and the $231,096.00 represented Mr. Kearney's account balance from the Rexam Retirement Savings Plan ("Savings Plan Funds") (collectively referred to as "ERISA Retirement Funds").

10. Upon information and belief, Mr. Kearney rolled the ERISA Retirement Funds over into an IRA called the Vanguard Prime Money Market Fund, account number *******0649 ("Vanguard IRA").  As of December 2007, the account balance on the Vanguard IRA was about $543,830.00.

11. At all times prior to the 2007 rollover, Mrs. Kearney was Mr. Kearney's beneficiary under the Rexam Pension Plan and the Rexam Retirement Savings Plan.

12. ERISA required spousal consent for any rollover distributions by Mr. Kearney from the Rexam Plans.

13. The Rexam Pension Plan required spousal consent for any rollover distributions by Mr. Kearney from the Rexam Pension Plan.

14. Mr. Kearney married Mrs. Kearney on April 20, 1974 and remained married to her continuously until his death on May 30, 2016. At no time were Mr. Kearney and Mrs. Kearney ever legally separated.

15. Rexam knew or had reason to know that Mr. Kearney was married to Mrs. Kearney at the time Rexam distributed the ERISA Retirement Funds.

16. Mrs. Kearney never provided spousal consent for any distributions, including rollover distributions, from the Rexam Plans.

17. Despite the lack of spousal consent, Rexam distributed the ERISA Retirement Funds in 2007 as a rollover into the Vanguard IRA.

18. Mrs. Kearney did not become aware of the rollover until after her husband's death in 2016.

19. Mr. Kearney named Marlene Coates as the sole beneficiary of the Vanguard IRA.

20. Following her husband's death in 2016, Mrs. Kearney made a claim on the Vanguard IRA.

21. In March 2017, Mrs. Kearney notified Vanguard that she contested the distribution of the ERISA Retirement Funds to Ms. Coates.

22. In May 2017, Mrs. Kearney detailed the basis for her entitlement to the Vanguard IRA, including, but not limited to, an explanation of the fact that the ERISA Retirement Funds were rolled over without Mrs. Kearney's consent in violation of ERISA and the Rexam Plan documents.

23. By letter dated May 12, 2017, Vanguard notified Mrs. Kearney's counsel that the assets of the Vanguard IRA would be distributed to Marlene Coates unless Mrs. Kearney provided Vanguard with evidence that the Ms. Coates' status as beneficiary was being actively disputed in court or a mutual agreement by all parties identifying proper beneficiaries by June 13, 2017.

24. Upon information and belief, as of the time of the filing of this Complaint, Vanguard continues to possess the assets of the Vanguard IRA.

## COUNT ONE
## ERISA CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST THE PLANS

25. Mrs. Kearney realleges each of the paragraphs above as if fully set forth herein.

26. Mrs. Kearney brings a claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).

27. The Rexam Plans are plan fiduciaries.

28. The Rexam Plans owed a fiduciary duty to Mrs. Kearney as the beneficiary of the Rexam Plans.

29. The Rexam Plans breached their fiduciary duties to Mrs. Kearney when they distributed the ERISA Retirement Funds without Mrs. Kearney's consent.

30. As a result of their breach, Mrs. Kearney has been deprived of her right to receive the ERISA Retirement Funds and the Rexam Plans have been harmed by the unlawful distribution of the ERISA Retirement Funds.

## COUNT TWO
## AWARD OF ATTORNEYS' FEES AND COSTS AGAINST THE PLANS

31. Mrs. Kearney realleges each of the paragraphs above as if fully set forth herein.

32. The Defendants have breached their fiduciary duties to Mrs. Kearney and caused her to incur attorneys' fees and costs, and will cause her to incur additional fees and costs. Mrs. Kearney is entitled to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(l) of ERISA, 29 U.S.C. § 1132(g).

## COUNT THREE
## CLAIM FOR DECLARATION THAT VANGUARD IS CONSTRUCTIVE TRUSTEE

33. Mrs. Kearney realleges each of the paragraphs above as if fully set forth herein.

34. The ERISA Retirements Funds were rolled over into the Vanguard IRA in violation of ERISA requirements that Mrs. Kearney consent to any rollover of the ERISA Retirement Funds and in breach of The Rexam Plans' fiduciary duty to Mrs. Kearney as beneficiary of the ERISA Retirement Funds.

35. Mrs. Kearney provided notice to Vanguard that the ERISA Retirement Funds were rolled over in violation of ERISA and in breach of fiduciary duty by the Plans.

36. Vanguard has indicated that it intends to pay the ERISA Retirement Funds to Marlene Coates.

37. Mrs. Kearney seeks a declaration that Vanguard is the constructive trustee of the ERISA Retirement Funds.

## COUNT FOUR
## CLAIM FOR DECLARATORY JUDGMENT AGAINST MARLENE COATES

38. Deborah Kearney realleges each of the paragraphs above as if fully set forth herein.

39. There is a dispute between Mrs. Kearney and Marlene Coates regarding the identity of the appropriate beneficiary of the ERISA Retirement Funds contained in the Vanguard IRA.

40. Mrs. Kearney requests that the Court enter declaratory judgment identifying Mrs. Kearney as the proper beneficiary of the Vanguard IRA.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Kearney respectfully requests that this Court:

1. Enter judgment in favor of Mrs. Kearney on all Counts of the Complaint;

2. Impose a constructive trust on the ERISA Retirement Funds in Vanguard's possession pending the resolution of this case;

3. Declare, adjudge and decree that Mrs. Kearney is entitled to the ERISA Retirement Funds;

4. Order that the Rexam Plans make restitution to Mrs. Kearney and the Plan in the amount of all losses sustained by Mrs. Kearney as a result of the wrongful conduct alleged herein, together with prejudgment interest;

5. Award Mrs. Kearney the costs of this action and reasonable attorneys' fees;

6. Award all other relief, as the Court deems just and reasonable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES PROPERLY SO TRIED**

Respectfully Submitted

The Plaintiff,

DEBORAH KEARNEY,

By its Counsel:

/s/David B. Crevier
David B. Crevier, Bar. No. 557242
Katherine R. Parsons, Bar No. 657280
CREVIER & RYAN, LLP
1500 Main Street, Suite 2316
Springfield, MA 01115-5727
Phone: (413) 787-2400
Fax: (413) 781-8235
Email:  dcrevier@crevierandryan.com
        kparsons@crevierandryan.com